UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

COMPLAINT

Class Action
42 U.S.C.A., 1983
Fed. R. Civ. P. 23

1. Chad S. Williams,
2. Johny Rodriguez,
3. Sherrod Coleman,
4. Denzel Bumley,
5. Samsoa Watkins,
6. Anthony Terenzi,
7. Derrius Harris,
8. Jamal Moore,
9. Samual Williams,
10. William Mitchell,
11. Robert Hedrich,
12. Gonzalez Lenin,
13. Luis A. Morales,

Case No._____

Jury Trial Demanded



Plaintiffs',

V.

Mid-State Corr. Facility,
Supperintendent, Thomas Delmar,

NYSCOBA, (Officer-Union),

Commissioner, Danial F. Martuscello, III,

Respondents.

I.

PRELIMINARY STATEMENT:

1. On February 19, 2025, the New York State, Correctional
Officers, engaged in an 'illegal' (strike), with (NYSCOBA),
as the 'union'; backing the officers in this illegal activity.

2.   Several months later, DOCS, Commissioner, Danial F. Martuscello, III, admits, that the NYS, Correctional, Facilities, 'are not back to normal,' solely, due to the illegal NYS, Correctional Officers (strike).

3.   By the Mid-State Corr. Facility not conducting its' normal programs & movements' the Plaintiffs' mentioned in this action, were & are subjected to extreme, constitutional rights violations, such as Due Process, Sixth Amendment Rights violation, being denied access to court, denied, law-library, material while having court orders for (special) access to the law library, medical malpractice, Eigth Amendment Rights violation.

4.   Several of the Plaintiffs' are still in litigation, regarding to have their wrongful convictions overturned, however, may have lost the opportunity to do so, due to the illegal NYS, Corr. Officer Strike, **see. exhibits;** some Plaintiffs are being retaliated against due to prior and current litigation, and are purposely being denied updated (tablet) that has the law-library (app) as well as the phone connection, by being denied, said tablet, one is being denied access to court.

5. By the NYS Correctional Facilities, not being back to normal, the Respondents, mentioned herein are responsble for the wrongfull suffering & loss of liberty, inflected by clear 6th, 8th & 14th Amendments Rights violations, causation, of (false imprisonment), resulting in (loss of liberty), Kerman v. City of New York, 374 F. 3d. 93, 125 (2d. Cir. 2004).

_ 6. This is a Class Action, seeking damages for Respondents' violations of Plaintiffs', Civil Rights; pursuant to the Civil Rights Act of 1871, 42 U.S.C.A., 1983, and 28 U.S.C.A., 1343, seeking redress for the deprivation of the Plaintiffs' - Constitutional Rights. Venue is proper in the District as all of the acts' complained of, occurred in the (Mid-State Corr. Facility), located at P.O. Box 2500 Marcy, New York, 13403.

## II.

## Jurisdiction:

7. This Court has jurisdiction over this action Under 28 U.S.C.A., 1343(a)(3), for a violation of constitutional rights as provided in 42 U.S.C.A., 1983. The Plaintiffs' seeks, injunctive relief, compensatory damages for the loss of constitutional liberty interest; with additional attorney fees and co -sts, pursuant to 42 U.S.C.A., 1988.

8. The Plaintiffs' seeks redress for violations of the Plaint -iffs' right pursuant to the Fourth Amendment of the Constitution of the United States to be free from illegal seizures; the Plaint -iffs' right to be free from harassment, and intimidation as prov -ided for in the Fifth and Sixth Amendments of the Constitution o -f the United States; the Plaintiffs' right to access to the cour -ts, as provided for by the Fourth and Fourteenth Amendments to t -he Constitution of the United States; the Plaintiffs' right to b -e free from malicious prosecution, malicious abuse of process, and unlawful seizure as provided for by the Fourth and Fourteenth Amendments to the Constitution of the United States; and the Plai -ntiffs' right to Due Process of law as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United State -s.

9. Several Plaintiffs' have been denied access to the court since & before the Correctional Officers' of NYS (STRIKE). Also, by the facility not being back to normal, there are Plaintiffs', who are still denied full access to the court, see, exhibits. Access to the court, is a Fourth & Fourteenth Amendments Rights violation.

10. The Plaintiffs' mentioned herein, rights to Due Process, of law as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, are being violated.

## Identity of the Parties:

11. The first Plaintiff, is <u>Chad S. Williams,</u> Din: 24-B-4203, is an adult individual residing at the Mid-State Corr. Facility, in Marcy New York, Plaintiff, is a citizen of the United States.

12. The second Plaintiff, is **Johny Rodriguez** Din: 23-B-4122, is an adult individual residing at the Mid-State Corr. Facility, in Marcy New York, Plaintiff, is a citizen of the United States.

13. The third Plaintiff, is <u>Sherrod Coleman</u>, Din: 24-R-2706, is an adult individual residing at the Mid-State Corr. Facility, in Marcy New York, Plaintiff, is a citizen of the United States.

14. The fourth Plaintiff, is Denzel Bumley, Din: 24-B-1646, is an adult individual residing at the Mid-State Correctional Facility, in Marcy New York, Plaintiff, is a citizen of the United States.

15.   The fifth Plaintiff is <u>Samsoa Watkins,</u> Din: 12-A-4330, ia an adult individual residing at the Mid-State Corr. Facility, in Marcy New York, Plaintiff, is a citizen of the United States.

16.   The sixth Plaintiff is <u>Anthony Terenzi</u>, Din: 23-B-3611, is an adult individual residing at the Mid-State Corr. Facility, in Marcy New York, Plaintiff, is a citizen of the United States.

17.   The seventh Plaintiff, is <u>Derrius Harris</u>, Din: 24-R-0648, is an adult individual residing at the Mid-State Corr. Facility, in Marcy New York, Plaintiff, is a citizen of the United States.

18.   The eighth, Plaintiff, is <u>Jamal Moore</u>, Din: 24-R-2001, is an adult individual residing at the Mid-State Corr. Facility, in Marcy New York, Plaintiff is a citizen of the United States.

19.   The ninth, Plaintiff, is <u>Samual Williams,</u> Din: 24-B-0559, is an adult individual residing at the Mid-State Corr. Facility, in Marcy New York, Plaintiff is a citizen of the United States.

20.   The tenth, Plaintiff, is William Mitchell, Din: 24-B-2337 is an adult individual residing at the Mid-State Corr. Facility, in Marcy New York, Plaintiff, is a citizen of the United States.

21. The eleventh, Plaintiff, is Robert Hedrich, Din: 23-B-178 2, is an adult individual residing at the Mid-State Corr. Facilit -y, in Marcy New York, Plaintiff, is a citizen of the United States.

22. The twelfth, Plaintiff is Gonzalez Lenin, Din: 16-A-3433, is an adult individual residing at the Mid-State Corr. Facility, in Marcy New York, Plaintiff, is a citizen of the United States.

23. The thirteenth, Plaintiff, **Luis A. Morales, Din**: 22-R-277 8, is an adult individual residing at the Mid-State  Corr. Facili -ty, in Marcy New York, Plaintiff, is a citizen of the United States.

24. The first, Defendant, Supperintendent, Thomas Delmar, for Mid-State Corr. Facility, who at all times relevant hereto is employed by the State of New York, while being an adult individua -l, and a citizen of the United States.

25. The second, Defendant, NYSCOBA, is the union for the NYS, Corr. Officers, who at all times relevant hereto, is employe -d, by the State of New York, while the individuals are citizens of the United States.

26.  The third, Defendant, is <u>Commissioner, Danial F.</u> <u>Martuscello, III.,</u> who at all times relevant hereto is employed by the State of New York, and is a citizen of the United States.

## PREVIOUS LAWSUITS BY PLAINTIFFS:

27.  Plaintiffs' has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to loss of liberty.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES:

28.  Mid-State Correctional Officer, (IGP), Christopher Tapia, is blatantly and maliciously violating the <u>Prison Litigation Reform Act</u>; by not responding to inmates <u>Grievances</u>. <u>Under Rule 2106</u>:  Upon information and belief and direct knowledg -e, thereof, Officer C. Tapia, engages is abuse of authority by <u>directly</u> preventing inmates at the Mid-State Corr. Facility, from <u>exhausting</u> their <u>administrative</u> 'remedies, by intentional errors. Intentional delays, in regards to responding to inmates grievance -s, such tactic, is used in order to suppress - information, regarding the wrong doing, committed by the Mid-State Corr. Facil -ity.

28.  This Plaintiff, has overwhelming evidence, of malicious, targeting, due to previous litigations, such as civil action, - case #: 16-cv-115, and Civil Rights Complaint, case #: 24-cv-555, these actions are the causations for blatant retaliation, from civil servants & now DOC, staff members.  The miscarriage of justice, is shoking, however, moreso - than that is the collusion and not for the illegal strike that was conducted which is still causing the Mid-State Corr. Facility not to be running properly, is causing the continuation of false imprisonment; while the only remedy, for such loss of liberty, is for this Plaintiff, criminal matters to be vacated, and the Plaintiff, release from custody.

29.  Further, cause for this action, failure to intervene & protect the Plaintiffs' mentioned herein from the extreme & excessive force of the CERT-Team, that the Mid-State Corr. Facili -ty patrolled, the facility durring this illegal strike, they refused to wear required body cameras, they would always indicate that they did not answer to the regular chain-of-command of the facility.  They were threatening, despite countless complaints to the administration, regarding the rogued and ruthless conduct of these rogue officers, there were no restraints placed on these officers.  Such conduct of the Mid-State Corr. Facility, violates Plaintiffs' 8th Amendment right to be free from cruel and unusual punishment.

30. All the Plaintiff's mentioned in this action, complained about the conduct of this rogue **CERT-Team**, resulting in an almost immediate retaliation by this unethical **CERT-Team**, all the names mentioned in this action as plaintiff's were in fact victims at diffrent times of some form of abuse conducted by this rogue - **CERT-Team**, Plaintiff's mentioned herein even called OSI, regardin -g this foreseeable danger; however, there was no actions taken against these officers.

31. By the Mid-State Correctional Facility, not reprimanding these **pare-military**, officers, resulted in the brutal murder of 22 year old **Messiah Nantwi**, on March 1, 2025. The same officers that the Plaintiff's in this action wrote the administration & grievances about, are the same ones involved in this racially motivated hate crime; which has caused, **extreme emotional** - **disturbance,** on the **Plaintiff's**, mentioned herein.

32. Supperintendent, Thomas Delmar, should have never allowed a **para-military** branch of NYS Correctional Officers, exist at the Mid-State Correctional Facility. The death of Messiah Nantwi, could have been prevented if the former Supperintendent, would have interevene in the grievances against this **para-military** faction; furthermore it would have never have took place, if ther -e was not an illegal **strike** conducted by the NYS Corr. Officers & backed by **NYSCOBA**.

33.    The substantive aspect of the Due Process Clause says that the government may not interfere with prisoners fundamental individual rights in a way that is not reasonably related to legitimate penological interests.  The idea of liberty in the Constitution includes some rights, that stay with citizens whenthey become prisoners; Due Process rights are violated when state officials deprive inmates of their liberty.

34.    This was & is the case ever since the illegal strike. The 5th Amendment contains an identical prohibition;  'No person shall be...deprived of life, liberty, or property, without due process of law', and applies to the federal - government.  Turner v. Safley, 482 U.S. 78, 87, 89, S. Ct. 2254, 2261, 96 L. Ed. 2d 64, 77-79 (1987), (finding that prison regulations that affect constitutional rights can only be upheld if they have a rational connection to a legitimate government interest);

35.    Washington v. Harper, 494 U.S. 210, 224-26, 110, S. Ct. 1038-39, 108 L. Ed. 2d 178, 200-01 (1990);  Mid-State Correctional Facility, is a mental-health facility, the defendants, mentioned herein, are in violation of a balanced against the state's duty to treat mentally ill prisoners and run a safe prison.

36. See, exhibits, regarding <u>Procedural Due Process</u>, the Plaintiff's mentioned herein, Fifth and Fourteenth Amendments have been violated. The first Plaintiff in this action was deprived of <u>liberty & property</u>; while occurring without - enough procedural protection. Claim Form #: <u>180-0017-25</u>, confirms that Plaintiff, filed a claim, regarding Mid-State, Corr. Officer, <u>Nicholas</u> , for destroying Plaintiff's legal documents by mixing Plaintiff's property with inmate (<u>Gilder</u>) while Plaintiff was away at court. Said legal documents, can not be replace for the majority of the documents, were notarized affidavits from civil servants, confirming their knowledge of conspiratorial collusion conducted by Monroe County & Genesee County, civil servants; also destroyed was court-orders directing DOCS to assist Plaintiff with free legal mail, copies, legal material such as typewriters to use in cell or dorm area, several court-orders were placed on file at the Mid-State Facility, however according to law library staff, the court-orders that were on file prior to the strike, are no longer on file and the administration has no knowledge, where they might be located.

37.  The second, Plaintiff, is currently housed in the S.H.U., due to being stalked, discriminated for his religious belief, by one particular officer, nicked-named (Bubbles), Plaintiff, is currently suffering from abuse of authority;

38.  The eleventh Plaintiff, is a victim of malpractice, and malicious targeting, while being violated Under-2246 of Title 18 42 U.S.C. Sub. 1997e(e).

39.  The thirteenth, Plaintiff, Grievance No. MS-0122-25, see exhibits.  This Grievance, number is representing all the Plaintiff's mentioned in this action; due to the conduct of Grievance Officer, C. Tapia; therefore Plaintiffs' are requesting that an extraordinary exception be granted under the Ross, decisi -on, where incarcerated individuals will be excused from exhausti -on because the remedy is not available; the Grievance Process, is not completely available at the Mid-State Corr. Facility, due to corruption.  The PLRA, says that no incarcerated person may bring an action about prison conditions until such admini- strative remedies as are available are exhausted; 42 U.S.C. Sub. 1997e(a).

## BIAS CONDUCT:

40.  The Mid-State Correctional Facility, Supperintendent, NYSCOBA & Commissioner, Danial F. Martuscello, III, have displaye -d bias conduct towards, incarcerated inmates with, special - mental-health, issues & People of Color.  Officer C. Tapia, wrongfully closed Plaintiff Grievances without NOTICE, #: MS-0139-25, #: MS-0046-25 & MS-0047-25.

## EXCESSIVE FORCE:

41.  Countless use of excessive force, have been used against the Plaintiffs' mentioned in this action, out of fear of being killed, Plaintiffs' did not report majority of the incidents.

## IV.

## PRAYER FOR RELIEF:

42.   WHEREFORE, Plaintiff's respectfully pray that this Court will deal with integrity, rely on the facts and GRANT - compensatory damages in the amount of $39.000.000, with injunctiv -e relief for the Plaintiff's, that can be release from custody, due to the loss of liberty, & the clear 5th, 8th & 14th Amendment rights violations.

DATED: June 11, 2025

Respectfully Submitted;
Representative of Plaintiffs'
Chad S. Williams, #:24-B-4203
Mid-State Correctional Facility,

9005 Old River Rd.
Marcy New York 13403

c.c. File:

**VERIFICATION:**

I have read the forgoing complaint and hereby verify that the matters alleged therein are true, I certify under the penalty of perjury that the foregoing is true and correct. Executed in New York State on 6/11/2025, in Oneida County.

Signature:

c.c. File: