# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF NEW YORK
## SYRACUSE COURTHOUSE

| | |
|---|---|
| **JAMAL MOORE,** | **AMENDED COMPLAINT** |
| **Plaintiff,** | |
| **vs.** | **CIVIL ACTION COMPLAINT** |
| **MID-STATE CORRECTIONAL FACILITY** | No. ___**9:25-cv-00865**___ |
| **THOMAS DELMAR, Superintendent,** | |
| **DANIEL F. MARTUSCELLO, III,** | |
| **NYS CORRECTION OFFICERS & POLICE** | |
| **BENEVOLENT ASSOC. (NYSCOBA),** | |
| **NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION (DOCCS),** | |
| **and CORRECTIONAL OFFICERS JOHN DOES 1-10,** | |
| **Defendants,** | |

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
DEC - 1 2025
AT _____ O'CLOCK _____
John M. Domurad. Clerk - Syracuse

**AMENDED COMPLAINT**

42 U.S.C. § 1983 – Civil Rights Action
Jury Trial Demanded

## I. Jurisdiction and Venue

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as it arises under 42 U.S.C. § 1983 for deprivation of rights secured by the United States Constitution. Venue is proper in the Northern District of New York, Syracuse Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred at Mid-State Correctional Facility, located in Marcy, New York.

## IV. Claims for Relief

### Count I – Eighth Amendment: Cruel and Unusual Punishment

Defendants' actions and omissions, including denial of mental health care, harassment, inhumane living conditions, and failure to enforce body-camera policies, constitute deliberate indifference to Plaintiff's serious needs, in violation of the Eighth Amendment.

### Count II – Fourteenth Amendment: Due Process and Equal Protection

Defendants' actions, including denial of program access, visitation, and legal resources, violated Plaintiff's right to due process. Plaintiff was treated differently from similarly situated inmates, raising equal protection concerns.

### Count III – First Amendment: Access to Courts

Defendants' denial of law-library access and other legal resources interfered with Plaintiff's ability to access the courts, in violation of the First Amendment.

### Count IV – Monell / Supervisory Liability

Defendants Delmar, Martuscello, DOCCS, and NYSCOBA maintained policies, practices, or customs that caused the constitutional violations described herein, including inadequate training, supervision, and enforcement of mental-health access and body-camera compliance.

### Count V – HALT Act Violations

Defendants' actions, including prolonged lockdowns, isolation, and deprivation of programs and human contact, violated the HALT Act and New York correctional standards.

---

## V. Damages and Relief

As a direct and proximate result of Defendants' actions, Plaintiff Moore has suffered severe emotional distress, exacerbation of mental-health conditions, physical and psychological harm, loss of liberty, and deprivation of programs, services, and legal resources.

Plaintiff seeks compensatory damages of no less than $2,000,000, punitive damages, and injunctive relief requiring: enforcement of body-camera compliance, access to mental-health services, and monitoring for compliance with the HALT Act. Plaintiff also seeks attorneys' fees, costs, and any other relief the Court deems just and proper.

## B. The Death of Messiah Nantwi and Inmate Harassment

On or about March 1, 2025, inmate Messiah Nantwi, age 22, died following severe physical abuse by correctional officers. Plaintiff Moore did not witness the death directly but observed the aftermath and directly witnessed officers harassing, threatening, and intimidating other inmates. Officers verbally threatened inmates with physical harm, conducted searches, kicking tables, and being aggressive which was designed to intimidate, and demonstrated conduct that suggested that inmates, including Plaintiff, could be next. These actions caused Plaintiff severe anxiety, fear for his life, and exacerbated his preexisting mental-health conditions. Officers repeatedly failed to wear or activate body cameras during interactions with inmates, creating a culture of impunity and eliminating accountability.

## C. Deprivation of Mental Health Care and Programs

Plaintiff Moore suffers from anxiety and stress-related mental health conditions. During the strike and following the Nantwi incident, Plaintiff repeatedly requested access to mental health services, including counseling and psychiatric evaluation, but was denied timely care. In addition, Plaintiff was denied access to law-library resources, educational programming, and religious or social programs necessary for his legal, educational, and rehabilitative development.

## D. Inhumane Living Conditions

During the strike and subsequent unrest, Plaintiff Moore was subjected to inhumane living conditions, including cold and nutritionally inadequate meals, prolonged confinement in overcrowded and poorly ventilated cells, isolation from other inmates, and restricted access to outdoor or recreational space. These conditions violated the HALT Act, DOCCS policies, and the Eighth Amendment, constituting cruel and unusual punishment.

## E. Systemic Failures and Deliberate Indifference

Defendants Delmar, Martuscello, DOCCS, and NYSCOBA knew or should have known about unsafe conditions, harassment, denial of services, and the failure to enforce body-camera policies, yet they failed to take corrective action. Audits and reports by the Correctional Association of New York documented longstanding deficiencies at Mid-State, including inadequate staffing, supervision, and enforcement of policies. Defendants' inaction reflects a pattern of deliberate indifference to the welfare and constitutional rights of inmates, including Plaintiff Moore.

## II. Parties

**Plaintiff Jamal Moore** is an inmate who, at all relevant times, was confined at Mid-State Correctional Facility in Marcy, New York. Plaintiff suffers from anxiety and stress-related mental health conditions which were exacerbated by Defendants' actions and omissions.

**Defendant Mid-State Correctional Facility** is a New York State prison operated under DOCCS, responsible for the custody, supervision, and well-being of inmates.

**Defendant Thomas Delmar** is the Superintendent of Mid-State Correctional Facility and was responsible for overseeing operations, staff supervision, and inmate safety during the period relevant to this complaint.

**Defendant Daniel F. Martuscello, III** is the Commissioner of DOCCS and was responsible for administration, policy oversight, and supervision of New York State correctional facilities during the period in question.

**Defendant NYSCOBA** is the union representing correction officers employed at Mid-State, whose policies, influence, or guidance contributed to staff misconduct and systemic failures.

**Defendant DOCCS** is the state agency charged with oversight of New York correctional facilities, training and supervising correctional officers, and ensuring compliance with federal and state constitutional protections.

**Defendants Correctional Officers John Does 1–10** are individual officers whose identities are currently unknown to Plaintiff. These officers engaged in harassment, threats, and misconduct described herein.

---

## III. Factual Allegations

### A. The February 2025 Correction Officer Strike

Between February 17 and March 10, 2025, correction officers at Mid-State Correctional Facility participated in a wildcat strike. The strike resulted in severe understaffing, prolonged lockdowns, and operational failures throughout the facility. During this period, Plaintiff Moore experienced denial of access to educational, vocational, and rehabilitative programs, suspension of family and legal visitation, and inadequate supervision, creating a climate of fear and psychological stress.

## VI. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 27, 2025

/s/ **Jamal Moore**
Plaintiff, Pro Se
Five Points Correctional Facility
6600 State Route 96, Caller Box 119
Romulus, NY 14541

**FIVE POINTS CORRECTIONAL FACILITY**
STATE ROUTE 96, P.O. BOX 119
ROMULUS, NEW YORK  14541

NAME: Jamal Moore DIN: 24R2001 LOC

e Points

ional Facility

neopost
11/21/2025
US POSTAGE $000.85

ZIP 14541
041M11272007

U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK

DEC - 1 2025

**RECEIVED**

CLERK U.S. DISTRICT
Court P. O. Box 7367
100 S CLINTON Street
SYRACUSE, NEW YORK 13261-7367